UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENE DEWAYNE MANUEL,

                Petitioner,

   v.

JASON BENNETT,

                Respondent.

CASE NO. 3:24-cv-05412-RAJ-DWC

SHOW CAUSE ORDER

    The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Rene Dewayne Manuel, proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed federal habeas petition (Dkt. 1-1), and other proposed motions (Dkts. 2–8). Upon review, it appears the Proposed Petition is untimely under 28 U.S.C. § 2244(d)(1). Therefore, the undersigned defers decision on the IFP Motion and orders Petitioner to show cause on or before June 20th, 2024, as to why his Proposed Petition should not be dismissed as time barred.

SHOW CAUSE ORDER - 1

## I. Background

Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising out of a jury conviction entered by the Superior Court of Washington for Mason County for second degree rape of a child, second degree child molestation, sexual exploitation of a minor, and possession of depictions of minors engaged in sexually explicit conduct. Dkt. 1-1; *State of Washington v. Rene D. Manuel*, Superior Court of Washington for Mason County Case No. 08-1-00563-1 (filed December 12, 2008), *docket available at https://odysseyportal.courts.wa.gov/* (last accessed May 30, 2024); *State of Washington v. Rene D. Manuel*, Court of Appeals of Washington, Division One Cause No. 67139-1-I (Wash. Ct. App. July 25, 2011), *decision available at* WASHINGTON STATE JUDICIAL OPINIONS PUBLIC ACCESS WEBSITE (last accessed May 30, 2024); *State v. Manuel*, 162 Wash. App. 1063, 2011 WL 3055395 (2011) (unpublished opinion).[1]

Although Petitioner indicates he did not file a direct appeal of his state-court conviction (Dkt. 1-1 at 2), a review of public records shows he did. *See State of Washington v. Rene D. Manuel*, Court of Appeals of Washington, Division One Cause No. 67139-1-I (filed July 25, 2011), *decision available at* WASHINGTON STATE JUDICIAL OPINIONS PUBLIC ACCESS WEBSITE (last accessed May 30, 2024). After his conviction was affirmed on direct appeal, Petitioner filed a petition for discretionary review by the Supreme Court of Washington, which was denied on November 21, 2011. *State v. Manuel*, Supreme Court of Washington Cause No. 86438-1, 173 Wash. 2d 1005, 268 P.3d 943 (2011); *decision available at* WASHINGTON STATE JUDICIAL OPINIONS PUBLIC ACCESS WEBSITE (last accessed May 30, 2024).

---

[1] The Court may take judicial notice of court filings and other matters of public record related to Petitioner's conviction. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

SHOW CAUSE ORDER - 2

In accord with Rule 12.5 of Washington State Rules of Appellate Procedure, the state court of appeals issued its mandate 30 days later on December 20, 2011, marking the entry of judgment for Petitioner's state-court conviction. *See State of Washington v. Rene D. Manuel*, Superior Court of Washington for Mason County Case No. 08-1-00563-1 (Docket Entry 285), *available at https://odysseyportal.courts.wa.gov/* (last accessed May 30, 2024). A review of the publicly available docket for the United States Supreme Court reflects Petitioner did not petition the United States Supreme Court for a writ of certiorari regarding his direct appeal after the entry of judgment. *See* UNITED STATES SUPREME COURT DOCKET, *available at https://www.supremecourt.gov/docket/* (last accessed May 30, 2024).

On May 29, 2024, Petitioner filed the instant action seeking federal habeas relief on his state-court conviction and sentence. *See* Dkts. 1, 1-1.

## II. Discussion

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to a state-court judgment of conviction. Dkt. 1-1; *State of Washington v. Rene D. Manuel*, Superior Court of Washington for Mason County Case No. 08-1-00563-1 (filed December 12, 2008), *docket available at https://odysseyportal.courts.wa.gov/* (last accessed May 20, 2024). Therefore, 28 U.S.C. § 2254 is the appropriate vehicle for challenging Petitioner's confinement, and his arguments to the contrary are unavailing.

SHOW CAUSE ORDER - 3

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run on "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A).

Where, as here, a habeas petitioner previously sought direct review of his conviction, his state-court judgment generally becomes "final" either when the United States Supreme Court rules on a timely filed certiorari petition or upon the expiration of time for filing such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). Because Petitioner did not petition for certiorari in the United States Supreme Court, his state-court judgment became final on March 20, 2012, the date on which his time for petitioning for certiorari expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of judgment). Thus, the one-year limitations period for the Proposed Petition began running the following day and—absent any statutory or equitable tolling—the period for filing a timely habeas petition expired a year later on March 21, 2013. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (AEDPA's time limits are calculated in accordance with Fed. R. Civ. P. 6(a)).

Petitioner signed his Proposed Petition on May 28, 2024, over eleven years after the likely expiration of the one-year limitations period. Dkt. 1-1 at 8. Petitioner indicates he did not seek collateral review of his sentence or conviction in state court such that he would be entitled to statutory tolling. Dkt. 1-1 at 5. Accordingly, it appears the Proposed Petition is untimely and barred pursuant to 28 U.S.C. § 2244(d)(1).

### III. Instructions to Petitioner

Petitioner is ordered to show cause on or before June 20th, 2024, why his Proposed Petition should not be dismissed as time barred. Petitioner should not attempt to show cause pursuant to 28 U.S.C. § 2241, as any attempt to show cause on that basis is unlikely to be successful. Petitioner is advised he may instead choose to file a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure before the deadline to show cause. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting dismissal of civil cases without prejudice and without a court order when notice of voluntary dismissal is filed before an opposing party has served their answer).

Finally, the Court defers ruling on Petitioner's IFP Motion and other proposed motions until after the show cause deadline; as such, the Clerk of Court is directed to note the IFP Motion (Dkt. 1) for consideration on June 20th, 2024.

Dated this 31st day of May, 2024.

David W. Christel
United States Magistrate Judge

SHOW CAUSE ORDER - 5