UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENE DEWAYNE MANUEL,<br><br>                   Petitioner,<br>    v.<br><br>JASON BENNETT,<br><br>                   Respondent. | CASE NO. 3:24-cv-05412-RAJ-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 9, 2024 |

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Rene Dewayne Manuel, proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed federal habeas petition (Dkt. 1-1), and other proposed motions (Dkts. 1-2–1-8). Following Petitioner's failure to show cause by the court-imposed deadline, the undersigned finds the proposed Petition is untimely under 28 U.S.C. § 2244(d)(1) and no equitable tolling principles apply. Therefore, the undersigned declines to order service upon Respondent and, instead, recommends the time-barred proposed Petition be dismissed with prejudice under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"). It is further recommended Petitioner's IFP motion and all proposed motions be denied as moot.

REPORT AND RECOMMENDATION - 1

### I. BACKGROUND

The Court previously summarized the background in this action as follows:

Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising out of a jury conviction entered by the Superior Court of Washington for Mason County for second degree rape of a child, second degree child molestation, sexual exploitation of a minor, and possession of depictions of minors engaged in sexually explicit conduct. Dkt. 1-1; *State of Washington v. Rene D. Manuel*, Superior Court of Washington for Mason County Case No. 08-1-00563-1 (filed December 12, 2008), *docket available at* https://odysseyportal.courts.wa.gov/ (last accessed May 30, 2024); *State of Washington v. Rene D. Manuel*, Court of Appeals of Washington, Division One Cause No. 67139-1-I (Wash. Ct. App. July 25, 2011), *decision available at* Washington State Judicial Opinions Public Access Website (last accessed May 30, 2024); *State v. Manuel*, 162 Wash. App. 1063, 2011 WL 3055395 (2011) (unpublished opinion).[1]

Although Petitioner indicates he did not file a direct appeal of his state-court conviction (Dkt. 1-1 at 2), a review of public records shows he did. *See State of Washington v. Rene D. Manuel*, Court of Appeals of Washington, Division One Cause No. 67139-1-I (filed July 25, 2011), *decision available at* Washington State Judicial Opinions Public Access Website (last accessed May 30, 2024). After his conviction was affirmed on direct appeal, Petitioner filed a petition for discretionary review by the Supreme Court of Washington, which was denied on November 21, 2011. *State v. Manuel*, Supreme Court of Washington Cause No. 86438-1, 173 Wash. 2d 1005, 268 P.3d 943 (2011); *decision available at* Washington State Judicial Opinions Public Access Website (last accessed May 30, 2024).

In accord with Rule 12.5 of Washington State Rules of Appellate Procedure, the state court of appeals issued its mandate 30 days later on December 20, 2011, marking the entry of judgment for Petitioner's state-court conviction. *See State of Washington v. Rene D. Manuel*, Superior Court of Washington for Mason County Case No. 08-1-00563-1 (Docket Entry 285), *available at* https://odysseyportal.courts.wa.gov/ (last accessed May 30, 2024). A review of the publicly available docket for the United States Supreme Court reflects Petitioner did not petition the United States Supreme Court for a writ of certiorari regarding his direct appeal after the entry of judgment. *See* United States Supreme Court Docket, *available at* https://www.supremecourt.gov/docket/ (last accessed May 30, 2024).

On May 29, 2024, Petitioner filed the instant action seeking federal habeas relief on his state-court conviction and sentence. *See* Dkts. 1, 1-1.

---

[1] The Court may take judicial notice of court filings and other matters of public record related to Petitioner's conviction. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

REPORT AND RECOMMENDATION - 2

Dkt. 4 at 2–3 (footnote in original).

## II.  STANDARD OF REVIEW

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of all habeas petitions. The Rule specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

## III.  DISCUSSION

**A.    The proposed Petition cannot proceed under 28 U.S.C. § 2241.**

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to a state-court judgment of conviction. Dkt. 1-1; *State of Washington v. Rene D. Manuel*, Superior Court of Washington for Mason County Case No. 08-1-00563-1 (filed December 12, 2008), *docket available at https://odysseyportal.courts.wa.gov/* (last accessed May 20, 2024). Therefore, 28 U.S.C. § 2254 is the only appropriate vehicle for challenging his confinement, and his arguments

REPORT AND RECOMMENDATION - 3

1  to the contrary are unavailing. Thus, the Court construes the proposed Petition as one filed
2  pursuant to 28 U.S.C. § 2254.

3  **B.    The proposed Petition is time-barred.**

4  Next, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year
5  statute of limitations on § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation
6  period begins to run on "the date on which the [state-court] judgment [of conviction] became
7  final by the conclusion of direct review or the expiration of the time for seeking such [direct]
8  review," whichever is later. 28 U.S.C. § 2244(d)(1)(A).

9  Where, as here, a habeas petitioner previously sought direct review of his conviction in
10 state court, his state-court judgment generally becomes "final" either (1) when the United States
11 Supreme Court rules on a timely filed certiorari petition or (2) upon the expiration of time for
12 filing such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999); *see also*
13 *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). Because Petitioner did not file a petition for
14 certiorari, his state-court judgment became final on March 20, 2012—the expiration date for
15 filing such a petition. Dkt. 4 at 3–4. Thus, the one-year limitations period for Petitioner to seek
16 federal habeas relief on his state-court conviction and sentence began running the following day
17 and expired a year later (March 21, 2013). *Id.* Because Petitioner did not prepare and file his
18 proposed Petition until May 28, 2024—over eleven years after the expiration of AEDPA's
19 limitations period—he was ordered to show cause why his late filing should not be dismissed as
20 time barred. *Id.*

21 The time for Petitioner to show cause why his proposed Petition should not be dismissed
22 as time-barred has now elapsed with nothing filed by Petitioner. As Petitioner has filed no
23 response, he failed to demonstrate the existence of extraordinary circumstances that would toll
24

REPORT AND RECOMMENDATION - 4

AEDPA's limitations period and excuse the late filing of his proposed Petition. *See Holland v. Florida*, 560 U.S. 631 (2010). Because Petitioner has not shown he is entitled to equitable tolling or otherwise responded to the Court's show cause order, the Court finds his proposed Petition is time-barred and should be dismissed.

**C.   No evidentiary hearing is required and no certificate of appealability should issue.**

The Court also finds it is not necessary to hold an evidentiary hearing in this case because this action may be resolved on the face of the proposed Petition and upon review of public records subject to judicial notice. *Schriro v. Landrigan*, 550 U.S. 465 (2007). Finally, no reasonable jurist could disagree with the Court's evaluation of the timeliness of the proposed Petition or conclude that the issues presented in the proposed Petition should proceed further. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Therefore, the Court finds that Petitioner is not entitled to a certificate of appealability.

### IV.   CONCLUSION

For the reasons outlined above, Petitioner is not entitled habeas relief as his proposed Petition is untimely and no equitable tolling principles apply. Thus, in accordance with Rule 4 of the Habeas Rules, the undersigned declines to direct a response from Respondent and, instead, recommends the time-barred proposed Petition (Dkt. 1-1) be dismissed with prejudice. It is further recommended Petitioner's IFP motion (Dkt. 1) and all proposed motions (Dkts. 1-2–1-8) be denied as moot. Finally, the undersigned finds no evidentiary hearing is required and recommends that no certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION - 5

*de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 9, 2024, as noted in the caption.

Dated this 24th day of June, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6