HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENE DEWAYNE MANUEL,

    Petitioner,

v.

JASON BENNETT,

    Respondent.

CASE NO. 3:24-cv-5412-RAJ-DWC

**ORDER**

THIS MATTER comes before the Court on Petitioner Rene Dewayne Manuel ("Petitioner")'s Motion for Reconsideration. Dkt. # 18.[1] On May 29, 2024, Petitioner filed a § 2254 Petition for Writ of Habeas Corpus, Motion for Leave to Proceed *in Forma Pauperis*, and various other motions. Dkt. ## 1; 1-1; 1-2 – 1-8. Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of

---

[1] Although Petitioner labels his pleading as a Motion for Extension of Time, the Clerk and the Court construe this pleading as a Motion for Reconsideration, as Petitioner is asking the Court to strike its Order adopting Magistrate Judge David W. Christel's Report & Recommendation. Dkt. # 18 at 1.

ORDER- 1

confinement arising out a jury conviction in Mason County Superior Court for second-degree rape of a child, second-degree child molestation, sexual exploitation of a child, and possession of depictions of minors engaged in sexually explicit conduct. Dkt. # 5 at 2.[2]

Magistrate Judge David W. Christel issued a Report and Recommendation ("the Report") stating that the Petition was time-barred, as the Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 petitions. *Id.* at 4; 28 U.S.C. § 2244(d)(1). This Court adopted the Report on August 26, 2024, dismissing the Petition with prejudice and denying as moot all other pending motions. Dkt. # 14. The court entered judgment in favor of Respondent Jason Bennett the same day. Dkt. # 15. Petitioner now moves for reconsideration of the Court's Order adopting the Report. Dkt. # 18.

Local Civil Rule 7(h) of the Western District of Washington governs motions for reconsideration. Motions for reconsideration are disfavored, and the court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. LCR 7(h)(1). A motion for reconsideration must be filed within fourteen days of the order to which it relates is filed. LCR 7(h)(2).

Petitioner represents that due to health issues, he was airlifted to a hospital in Tukwila and did not return to Stafford Creek Corrections Center until September 26, 2024, causing him to miss his deadline to respond. Dkt. # 18 at 1.[3] He now requests an extension of time to January 31, 2025, to respond and also seeks that the Court strike its Order adopting the Report from the record. *Id*. Accordingly, it appears that Petitioner is simultaneously moving for an extension of time and reconsideration.

---

[2] This Court takes judicial notice of all state court proceedings cited in the Report and Recommendation.

[3] By "respond," the Court interprets Petitioner to mean respond to the Order adopting the Report, thus making his response a Motion for Reconsideration.

Regardless of the nature of Petitioner's request, the Court will not entertain it, as it is procedurally defective. Petitioner had fourteen days to move for reconsideration following the Court's Order adopting the Report. *See* LCR 7(h)(2). He waited until October 4, 2024, to do so. Dkt. # 18. Moreover, when Petitioner returned to confinement on September 26, 2024, he waited over a week to file the instant motion. To cinch the matter, Petitioner fails to provide any documentation evidencing his medical condition or hospital stay and cites no binding case law for the Court to consider. The Court denies Petitioner's Motion for Reconsideration.

Accordingly, Petitioner's Motion for Reconsideration is **DENIED**. Dkt. # 18.

Dated this 8th day of October, 2024.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 3