HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENE DEWAYNE MANUEL,

        Petitioner,

   v.

JASON BENNETT,

        Respondent.

CASE NO. 3:24-cv-05412-RAJ

**ORDER**

## I. INTRODUCTION

THIS MATTER comes before the Court on *pro se* Petitioner Rene Dewayne Manuel ("Petitioner")'s Motions for Relief from Judgment. Dkts. ## 20-23. On May 29, 2024, Petitioner filed a § 2254 Petition for Writ of Habeas Corpus, Motion for Leave to Proceed *in Forma Pauperis*, and various other motions. Dkt. ## 1; 1-1; 1-2 – 1-8. Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising out a jury conviction in Mason County Superior Court for second-

ORDER - 1

degree rape of a child, second-degree child molestation, sexual exploitation of a child, and possession of depictions of minors engaged in sexually explicit conduct. Dkt. # 5 at 2.[1]

Magistrate Judge David W. Christel issued a Report and Recommendation ("the Report") stating that the Petition was time-barred, as the Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 petitions. *Id.* at 4; 28 U.S.C. § 2244(d)(1). This Court adopted the Report on August 26, 2024, dismissing the Petition with prejudice and denying as moot all other pending motions. Dkt. # 14. The Court entered judgment in favor of Respondent Jason Bennett the same day. Dkt. # 15. Petitioner then moved for reconsideration of the Court's Order adopting the Report. Dkt. # 18. The Court denied Petitioner's Motion for Reconsideration. Dkt. # 19. He now moves for relief from judgment on numerous grounds discussed, *infra*.

## II.   DISCUSSION

Petitioner's Motions for Relief from Judgment are difficult to follow, and do not address the substance of the Report or the reasoning behind it. Petitioner challenges the judgment for not following United States Supreme Court precedent regarding unlawful seizure claims pursuant to *Williams v. Taylor*, 529 U.S. 362 (2000). *See* Dkts. ## 20-23. He further asserts that the Court violated the Magistrate Act and Habeas Rule 8(b) by failing to conduct *de novo* review of the following: (1) 28 U.S.C. § 1915 (governing *in forma pauperis* proceedings); (2) his Request for Certification; (3) his affidavit; and (4) his objections to the Report. *See id*.

Petitioner does not address the authority under which he moves the Court, Federal Rule of Civil Procedure 60(b)(4). To the extent Petitioner challenges *de novo* review of his Motions filed before the Court adopted the Report, the Court properly considered the Motions. *See* Dkt. # 14 at 1-2.

---

[1] This Court takes judicial notice of all state court proceedings cited in the Report and Recommendation.

ORDER - 2

### III. CONCLUSION

The Court's judgment is not void, and Petitioner is not entitled to a Certificate of Appealability, because his habeas petition is plainly time-barred. *See* Dkt. # 19. Accordingly, the Court **DENIES** the pending motions. Dkts. ## 20-23. The case remains closed.

Dated this 15th day of November, 2024.

The Honorable Richard A. Jones
United States District Judge